FILED
SUPERIOR COURT
OF GUAM

2025 JUN 13 PM 2:45

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ABIGAIL E. SUAREZ, natural parent and Guardian Ad Litem of ALLESANDRO CARAIG, ABIGAIL E. SUAREZ, and ANDREW CARAIG, JR., | **CIVIL CASE NO. CV0162-25** |
| Plaintiffs, | **DECISION AND ORDER DENYING APPLICATION FOR STAY AND GRANTING MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| JUSTIN CABRERA, CEDRICK J. CASTILLON, GUAHAN INSURANCE SERVICES, INC., and PERFUTURO INSURANCE COMPANY, | |
| Defendants. | |

The Court reviews Defendant Justin Cabrera's Application for Stay and Defendant Guahan Insurance Services, Inc.'s ("GIS") Motion for Summary Judgment. The Court determines that Cabrera has failed to meet the requirements of the Servicemembers Civil Relief Act for a stay and DENIES his Application for Stay. Having reviewed the record and determining no genuine issues of fact relative to GIS's status as an insurer and its liability under the Direct Action Statute exist, the Court GRANTS GIS's Motion for Summary Judgment.

## I.    PROCEDURAL BACKGROUND

Plaintiffs, Abigail E. Suarez, natural parent and Guardian Ad Litem of Allesandro Caraig, Abigail E. Suarez, and Andrew Caraig, Jr., brought their First Amended Complaint against Defendants Justin Cabrera, Cedrick Castillon, GIS, and Perfuturo Insurance Company on March 27, 2025 related to a motor vehicle collision that took place on March 29, 2023. On March 27, 2025 GIS filed its Motion for Summary Judgment under Guam Rule of Civil Procure 56(c). GIS


ORIGINAL

asserts that Cabrera is insured by Perfuturo. GIS Rule 56(c) Mot. Summ. J. at 2 (Mar. 27, 2025).

Plaintiffs' Opposition states that the Police Report following the collision identified GIS as the

insurance company and that only after discovery is complete can they rule out the possibility that

GIS is not liable. Opp'n GIS Rule 56(c) Mot. Summ. J. at 2-3 (Apr. 23, 2025). GIS' Reply

indicates that Plaintiffs "have not provided any scintilla of evidence" that GIS is an insurer.

Reply Pls.' Opp'n Mem. at 1 (May 6, 2025). Cabrera then filed an Application for Stay on May

14, 2025 under the Servicemembers Relief Act.[1] Appl. Stay at 1 (May 14, 2025).

## II.     **UNDISPUTED FACTS**

The following facts are undisputed based on the record presented to the Court.

1.  While Castillon operated Cabrera's vehicle a collision occurred between Cabrera's

    vehicle and Suarez's vehicle. First Am. Compl. at 2-3 (Mar. 27, 2025); GIS Rule

    56(c) Mot. Summ. J. at 2.

2.  GIS is not an insurer but a general agent for insurer Perfuturo. GIS Rule 56(c) Mot.

    Summ. J. at 5; Decl. Louie J. Yanza in Supp. GIS Rule 56(c) Mot. Summ. J. at 1, Ex.

    B (Mar. 27, 2025).

3.  Cabrerra is insured by Perfuturo and the producer is GIS. Decl. Pedro Perez Ada in

    Supp. Reply Mem., Ex. AA (May 6, 2025).

4.  Cabrera is presently active-duty military on orders in Arlington, Virginia until

    September 2026. Appl. Stay, Ex. 1, 2.[2]

---

[1] The Court notes that Cabrera cites 50 U.S.C. App § 522 as the Servicemembers Relief Act. 50
App. USCA § 522 is the former citation for the Act. The updated citation is 50 USCA § 3932.

[2] The Court notes that Cabrera's Application for Stay does not label the attached exhibits. The
Court considers his Orders on pages 4-5 as Exhibit 1 and his Memorandum for Record dated
January 23, 2025 on page 6 as Exhibit 2.

ORIGINAL

## III.    LAW AND DISCUSSION

### A. Application for Stay

The Servicemembers Relief Act applies to any civil action or proceeding in which a party is 1) in military service or is within 90 days after termination of or release from military service; and 2) has received notice of the action or proceeding. 50 USCA § 3932(a). Upon application by the servicemember, the Court may grant a stay for a period of not less than 90 days, if the following is provided: A) a letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear; and B) a letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter. 50 USCA § 3932(b).

Cabrera presents the Court with a copy of his Orders NG-4331-00003 and a Memorandum for Record Subject: Order Extension – National Guard Bureau Title 10 Tour from Daniel J. Gilmore, a Mission Support Branch Chief. Gilmore's Memorandum states "CPT Justinray M. Cabrera, is assigned to the J31 at the National Guard Bureau. Orders are typically for one year; however, CPT Cabrera's start date was adjusted due to a later report-date. He will be extended on orders at the end of Fiscal Year (FY) 2025 and his orders will extend from October 2025 to September 2026." Appl. Stay, Ex. 2. The only other information provided in this Memorandum is the contact information for Cabrera. The Court recognizes that Cabrera is currently on Orders, however, his Application fails to meet the requirements of 50 USCA § 3932(b)(2). Specifically, neither his Orders nor the Memorandum from Gilmore state that his current military duty requirements materially affect or prevent his ability to appear, when he will


ORIGINAL

be available for appearance, and that military leave is not authorized for him at the time of the letter. Given the deficiencies of the supporting documents in meeting these statutory requirements, the Court DENIES WITHOUT PREJUDICE Cabrera's Application for Stay.

### B. Motion for Summary Judgment

Summary judgment may be granted if the movant shows no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials. GRCP 56(c)(1)(A). The Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.

GIS seeks summary judgment on the basis that it is not disputed that Perfuturo was Cabrera's insurer and that GIS is not an insurance carrier and thus not an "insurer" of Cabrera. GIS Rule 56(c) Mot. Summ. J. at 3. It argues that since it is not Cabrera's insurer, it has no liability under 22 GCA § 18305. Plaintiffs argue that as a general agent, GIS may be responsible to third parties under Guam Civil Code § 2343 or on the grounds that an agent can be held liable on a contract executed by the agent for a foreign principal. Opp'n GIS Rule 56(c) Mot. Summ. J. at 2-3. They also state that GIS's assertion that it is an "underwriter" causes confusion because an underwriter writes insurance and is not a general agent. Plaintiffs argue there is a need for discovery to rule out GIS's liability, specifically stating discovery is needed to answer two questions: 1) if GIS wrote an insurance policy for Cabrera and 2) if GIS is an underwriter. *Id.* at 4. GIS responds that the general agency statute 18 GCA § 20402 does not apply in this situation,


ORIGINAL

Plaintiffs fail to explain why underwriting precludes summary judgment, and that the Police

Report relied on by Plaintiffs is inadmissible hearsay. Reply Pls.' Opp'n Mem. at 2-6.

22 GCA § 18305 states that "on any policy of liability insurance the injured person or his

heirs or representatives shall have a right of direct action against the *insurer* within the terms and

limits of the policy, whether or not the policy of insurance sued upon was written or delivered in

Guam, and whether or not such policy contains a provision forbidding such direct action,

provided that the cause of action arose in Guam. Such action may be brought *against the insurer*

*alone, or against both the insured and the insurer.*" (Emphasis added.) 22 GCA § 12104(r)

defines insurer as "the person who undertakes to indemnify another by insurance; insured means

the person so indemnified." 22 GCA § 15102(a) defines a general agent as "a person authorized

by an insurer to countersign, issue and deliver new policies, to accept service of process on

behalf of the insurer, invested with full authority to consummate a contract of insurance and to

transact all other necessary business of the insurer in Guam."

Based on the undisputed facts, the Court does not believe discovery is needed to answer

Plaintiff's two questions of whether GIS wrote an insurance policy for Cabrera and if GIS was an

underwriter. It is undisputed that Perfuturo is Cabrera's insurer and GIS is Perfuturo's general

agent. GIS has provided a copy of the declaration page for Cabrera's insurance policy which

states that his insurance company is Perfuturo and the Producer is GIS. Decl. Pedro Perez Ada

in Supp. Reply Mem., Ex. AA. GIS has provided supporting declarations from the Chairman of

GIS and written documentation from the Department of Revenue and Taxation stating that it is

not licensed as an insurer and is licensed as a broker, surplus line broker, and a general agent.

Decl. Pedro Perez Ada in Supp. Reply Mem. at 2; Decl. Louie J. Yanza in Supp. GIS Rule 56(c)

Mot. Summ. J., Ex. B. Under 22 GCA § 18305, there is no right of direct action to a general


ORIGINAL

agent. Plaintiffs make allegations that GIS as the general agent may be liable, however they have failed to provide the Court with any facts to support this allegation.

Additionally, there is no dispute as to if GIS is an underwriter as GIS has stated that it is one. GIS Rule 56(c) Mot. Summ. J. at 1; Reply Pls.' Opp'n Mem. at 3. Plaintiffs assert that an underwriter "writes insurance and is not a general agent," however they have failed to provide facts to support their allegation that GIS writes insurance. Opp'n GIS Rule 56(c) Mot. Summ. J. at 3. GIS has stated that in its role as an underwriter it does not issue insurance policies and has provided Cabrera's insurance policy which states that the insurance company is Perfuturo. Reply Pls.' Opp'n Mem. at 4; Decl. Pedro Perez Ada in Supp. Reply Mem. at 2. The Court finds that Plaintiffs have failed to provide any facts that support its allegations that GIS's role as an underwriter means it is an insurer here and thus liable. Given that there are no genuine issues of fact surrounding GIS's liability the Court GRANTS GIS's Motion for Summary Judgment.

## IV.    CONCLUSION AND ORDER

Cabrera has failed to provide the requisite support to warrant a stay under the Servicemembers Relief Act, therefore the Court DENIES his Application for Stay. Moreover, the undisputed evidence shows that GIS is not an insurer and thus is not liable for a direct action in this case. Plaintiffs have provided no facts to create a genuine issue of fact surrounding this liability. As such, the Court GRANTS GIS's Motion for Summary Judgment.

**SO ORDERED, 13 June 2025.**

HON. ELYZE M.-IRIARTE
Judge, Superior Court of Guam

Appearing Parties: Michael J. Berman, Esq., Berman Law Firm, for Plaintiffs
Louie J. Yanza, Esq., Law Office of Louie J. Yanza, for Defendant Guahan Insurance Services, Inc.
Justin Cabrera, Defendant, *Pro se*

